IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

V.D.C. and S.C., on behalf of L.X.C., a minor,

       Plaintiffs,

vs.

                                  Case No:

DEPARTMENT OF CHILDREN AND FAMILIES,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, **V.D.C. and S.C.**, by and through undersigned counsel, and on behalf of the minor, **L.X.C.**, hereby bring this action against Defendant, **DEPARTMENT OF CHILDREN AND FAMILIES**, (hereinafter "DCF") and state as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action for damages which exceed fifteen thousand dollars ($15,000.00), exclusive of costs and interest.

2. Venue for this action is proper in this court, as all of the actions which comprise the basis for this Complaint occurred in Sarasota County, Florida.

3. At all material times, Plaintiffs, **V.D.C.** and **S.C.**, and minor Plaintiff, **L.X.C.**, were residents of the City of Sarasota in Sarasota County, Florida.

4. Plaintiffs, **V.D.C. and S.C.**, are the adoptive parents and guardians of the minor Plaintiff, **L.X.C.** pursuant to a Final Judgment of Adoption entered by the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

5. At all material times, the minor Plaintiff's natural mother, A.P., was a resident of Sarasota County, Florida. A.P.'s parental rights have been terminated in connection with V.D.C.'s and S.C.'s adoption of L.X.C.

6. Presently, A.P. is incarcerated as a result of the acts more particularly described below which form the basis of this action.

7. At all material times, Defendant, DCF, is and was a political subdivision of the State of Florida conducting business and providing services in Sarasota County, Florida as an agency which, *inter alia*, investigates allegations of child abuse and neglect, directs the providing of services as needed to victims of child abuse and neglect, and reports incidents of child abuse and neglect to appropriate authorities.

## BACKGROUND

8. L.X.C. was born to A.P. in 2009. A.P. has a long history with DCF as a victim and as the subject of child abuse/neglect investigations, extending well before L.X.C.'s birth in 2009.

9. In fact, A.P. previously had a different child removed from her care by child services permanently as a result of an investigation of A.P. by DCF.

10. After L.X.C.'s birth in 2009, DCF investigated A.P. on numerous occasions stemming from concerns surrounding A.P.'s care of her daughter, L.X.C. A.P. was assessed on multiple occasions as being "high risk" and a potential danger to L.X.C. DCF's investigators repeatedly attempted to actually visualize L.X.C. with no or limited success during their multiple investigations into the well-being of L.X.C.

11. Despite the repeated incidents and repeated investigations conducted by DCF concerning A.P. and the safety and well-being of L.X.C., and despite the determination that A.P.'s

custody of **L.X.C.** was "high-risk," **L.X.C.** was allowed to remain in her biological mother's custody by **DCF**.

12. **DCF** at all times had actual knowledge of the high-risk environment in which **L.X.C.** resided and which **A.P.** created. Serious injury or death was imminent, given the repeated incidents reported to and by **DCF**.

13. On June 15, 2015, **A.P.** stabbed 6-year-old **L.X.C.** no less than 14 times while at their home. **L.X.C.** suffered stab wounds to her stomach, back, legs, arms, between her toes, and her intestines protruding from her abdomen as a result of the stabbing of her abdominal area. **L.X.C.** was found by her maternal grandparents wrapped on a blanket on the floor after having suffered these tremendous injuries.

14. **A.P.** was arrested and charged with attempted murder, aggravated child abuse with a deadly weapon, aggravated child abuse, and resisting arrest with violence. On September 23, 2016, **A.P.** was convicted of all charges by a jury in Sarasota County.

15. **DCF** negligently permitted **A.P.** to retain custody of **L.X.C.** despite clear signs and indications that **A.P.**'s custody was a highly dangerous environment and was virtually certain to result in the serious injury or death of **L.X.C.**

16. **L.X.C.** has suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money and loss of ability to lead and enjoy a normal life. These losses are permanent and continuing in nature within a reasonable degree of medial probability and **L.X.C.** will suffer these losses in the future.

17. All conditions precedent to the bringing of this action have been met including the sending of a Notice of Tort Claim to the Defendant pursuant to Florida Statutes, section 768.28(6) a copy of which is attached hereto as Exhibit "A" along with the green return receipt cards.

### COUNT I: NEGLIGENCE AGAINST FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES

18. Plaintiffs, **V.D.C.** and **S.C.**, as parents and guardians of **L.X.C.**, incorporate herein by reference those allegations set forth in paragraphs 1- 17 above as if fully set forth herein.

19. **DCF** owed a duty of care to **L.X.C.**, to act with reasonable care and to provide proper supervision, evaluation, and investigation into **L.X.C.**'s living conditions, and to make appropriate recommendations, including removing **L.X.C.** from a dangerous environment, while **L.X.C.** and **A.P.** were the subject of **DCF**'s investigations.

20. **DCF** breached this duty of care to **L.X.C.** by failing to properly and adequately investigate **A.P.** and failing to take appropriate measures to remove **L.X.C.** from **A.P.**'s custody and from the "high-risk" and dangerous environment created by **A.P.** which ultimately resulted in the serious injuries suffered by **L.X.C.**

21. As a direct and proximate cause of **DCF's** failure to act with reasonable care and to provide proper and adequate supervision and treatment, **L.X.C.** was subjected to serious bodily injury.

22. As a direct and proximate cause of **DCF's** failure to act with reasonable care and to provide proper and adequate investigation, make appropriate recommendations, and take appropriate measures to prevent **L.X.C.** from remaining in a "high-risk" and dangerous environment, **L.X.C.** suffered personal injury, mental pain and suffering, disability, inconvenience, loss of the ability to enjoy life in the past and in the future, and medical and mental health expenses.

WHEREORE, Plaintiffs, **V.D.C. and S.C.**, as parents and guardians of **L.X.C.**, on behalf of **L.X.C.**, hereby demand judgment against Defendant, the **Department of Children and Families**, for compensatory damages as allowed by law, costs and interest and, further, hereby demand a trial by jury on all issues so triable.

### COUNT II: RESPONDEAT SUPERIOR/VICARIOUS LIABILITY CLAIM AGAINST THE DEPARTMENT OF CHILDREN AND FAMILIES

23. Plaintiffs, **V.D.C. and S.C.**, as parents and guardians of **L.X.C.**, incorporate herein by reference those allegations set forth in paragraphs 1 - 17 above as if fully set forth herein.

24. At all times material hereto, the staff, employees, agents and servants of **DCF** were acting within the course and scope of their employment with **DCF**.

25. Accordingly, **DCF** is vicariously liable for any and all negligent acts or omissions or other torts, of its staff, employees, agents and servants in failing to prevent the severe physical and mental abuse **L.X.C.** and in failing to enforce or follow **DCF's** own policies and procedures.

26. As a direct and proximate result of the negligence and actions and/or omissions alleged, for which **DCF** is vicariously liable, **L.X.C.** suffered personal injuries, mental anguish, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, and medical, nursing and mental health expenses.

WHEREORE, Plaintiffs, **V.D.C. and S.C.**, as parents and guardians of **L.X.C.** on behalf of **L.X.C.**, hereby demand judgment against Defendant, the **Department of Children and Families**, for compensatory damages as allowed by law, costs and interest and trial by jury on all issues so triable.

## COUNT III: 42 USC § 1983 DEPRIVATION OF CIVIL RIGHTS CLAIM AGAINST DCF

27. Plaintiffs, **V.D.C. and S.C.**, as parents and guardians of **L.X.C.**, incorporates herein by reference those allegations set forth in paragraphs 1 - 17 above as if fully set forth herein.

28. At all times while **L.X.C.** was the subject of any investigation by, in the custody or supervision of, or was a victim subject to any **DCF** investigation, **L.X.C.** had substantive rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. Specifically, **L.X.C.** had rights to the following, without limitation:

   a. the right to be free from the infliction of unnecessary pain as provided by the Fourteenth Amendment to the U.S. Constitution;

   b. the fundamental right to physical safety as protected by the Fourteenth Amendment to the U.S. Constitution; and

   c. substantive due process and liberty interests in reasonably safe living conditions as a child in the custody, care, supervision, or control of **DCF**, pursuant to the Fourteenth Amendment to the U.S. Constitution.

29. **DCF** was deliberately indifferent to the violation and/or deprivation of **L.X.C.**'s constitutional rights as set forth above. **DCF**'s deliberate indifference was demonstrated by the following, without limitation:

   a. failing to properly investigate **A.P.** prior to the tragic events leading up to **L.X.C.** being severely injured;

   b. allowing **L.X.C.** to remain in the "high-risk" and dangerous environment created by **A.P.**;

   c. failing to take reasonable and appropriate measures to remove **L.X.C.** from the "high-risk" and dangerous environment created by **A.P.**; and

    d. permitting heinous acts of stabbing and attempted murder to occur due to severely deficient supervisory, investigative, and removal practices.

30. **DCF** had a subjective knowledge of a risk of serious harm to **L.X.C.** in the event of severely deficient supervisory, investigative, and removal protocol and practices. **DCF** disregarded such risks and **DCF's** conduct that is more than gross negligence.

31. **DCF's** woefully inadequate supervision, control, investigatory practices, screening and removal processes would have, if reasonably performed, resulted in the removal of **L.X.C.** from the "high-risk" and highly dangerous environment in which she was living with **A.P.** well before **A.P.** inflicted serious and life-threatening injuries to **L.X.C. DCF**, at all times, was charged with the knowledge that if its staff failed to properly investigate, control, supervise, investigate, screen and protect children like **L.X.C.** and their living situation, children like **L.X.C.** would likely be exposed to incidents resulting in serious injury or even death.

32. Despite this, **DCF** acted indifferently towards **L.X.C.** by allowing her to remain in **A.P.**'s custody – an individual with a demonstrated propensity to violently abuse.

33. **DCF's** disregard of such a risk was more than gross negligence and caused **L.X.C.** to suffer profound damages while allowed to remain in the custody of **A.P.** by **DCF**.

34. **DCF's** actions are the result of a policy or custom of failing to properly investigate and supervise its employees, and ignoring information in its possession or easily obtained regarding the "high-risk" and highly dangerous environment created by **A.P.** as well as a well-demonstrated and well-documented history of **A.P.'s** propensities and actions. **DCF's** failures are widespread and are so permanent that its deficiencies were a policy or a custom.

35. At all material times, **DCF** was acting under the color of state law as **L.XC.** was only exposed to **DCF's** conduct, actions, and omissions, pursuant thereto.

36. As a result of the conduct, acts and omissions of **DCF**, **L.X.C.** has suffered violations of rights guaranteed by the Fourteenth Amendment to the United States Constitution as set forth above, and has further suffered personal injuries, mental anguish, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, embarrassment, humiliation, trauma, psychological impairment and medical, nursing and mental health expenses.

37. Pursuant to 42 U.S.C. § 1988(b), the Court may allow **L.X.C.** a reasonable attorney's fee as part of her costs in pursuit of this claim, and **L.X.C.** hereby demands entitlement to such relief.

WHEREFORE, Plaintiffs, **V.D.C. and S.C., on behalf of L.X.C., a minor,** demand judgment against the Defendant, **DEPARTMENT OF CHILDREN AND FAMILIES**, for compensatory damages as allowed by law, interest, costs of this action, attorney's fees and a trial by jury on all issues so triable.

DATED this 15th day of May, 2017.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served with the Summons and Complaint.

MALLARD LAW FIRM, P.A.
889 N. Washington Boulevard
Sarasota, Florida 34236
(941) 952-1682
(941) 378-1605(fax)

/s/ Damian Mallard
Damian B. Mallard, Esq.
Florida Bar No.: 0882348
Alan L. Perez, Esq.
Fla. Bar. No. 0060409