UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

V. D. C. and S. C.,

    Plaintiffs,

v.                                          Case No: 8:17-cv-1697-T-27JSS

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Exceed 10 Deposition Limit ("Motion") (Dkt. 14) and Defendant's response in opposition (Dkt. 15). In the Motion, Plaintiffs seek an order granting Plaintiffs "leave to take up to an additional fifteen (15) depositions pending further discovery" in excess of the limit established by Federal Rule of Civil Procedure 30. (Dkt. 14 at 2.) Plaintiffs specifically seek to take depositions of Defendant's employees, hospital employees, law enforcement, day care workers, and other fact witnesses who may have knowledge of Defendant's involvement in the relationship between L.X.C., a minor, and the minor's biological mother. (*Id.*)

Rule 30(a)(2)(A)(i) requires leave of court to take a deposition when "the parties have not stipulated to the deposition" and "the deposition would result in more than 10 depositions being taken . . . by the plaintiffs, or by the defendants." Fed. R. Civ. P. 30(a)(2)(A)(i); M.D. Discovery II.A.1 (emphasis in original) ("Rule 30(a)(2)(A), Federal Rules of Civil Procedure, limits each *side* to no more than ten depositions unless otherwise ordered by the Court.") Leave for additional depositions must be granted "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P.

30(a)(2).  Under Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery" if the court determines as follows:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).  Rule 26(b)(1) defines the scope of discovery as permitting parties to obtain non-privileged material "relevant to any party's claim or defense and proportional to the needs of the case," which requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Further, "[t]he party seeking leave to take additional depositions must also justify the necessity of the depositions previously taken without leave of court." *F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A.*, No. 2:13-CV-208-FTM-38, 2014 WL 1047245, at *2 (M.D. Fla. Mar. 17, 2014).

Plaintiffs argue that they have no other means of obtaining relevant testimony of witnesses that do, or may have, knowledge of the relationship between Defendant and L.X.C.'s biological mother and that the benefit of deposing the witnesses outweighs the burden imposed by the depositions. (Dkt. 14 at 4.)  Plaintiffs state that, as of its filing the Motion, they have not taken any depositions but are in the process of setting numerous depositions. (*Id*.)  Plaintiffs argue that the testimony of multiple witnesses is relevant and that it "is more than reasonable" that they will need to take more than ten depositions. (*Id*.)  In opposition, Defendant argues that Plaintiffs' request is premature because Plaintiffs have not yet taken ten depositions. (Dkt. 15 at 4.)

The Court finds that the Motion is premature because Plaintiffs have yet to take ten depositions. *Jones-Walton v. Villas at Lake Eve Condo. Ass'n, Inc.*, No. 6:15-CV-995-ORL-

22TBS, 2016 WL 6071736, at *2–3 (M.D. Fla. Oct. 17, 2016) (denying defendants' motion to enlarge the number of permissible depositions as premature because the motion was "filed before the movant exhausted the ten depositions provided by Rule 30"); *F.D.I.C.*, 2014 WL 1047245, at *3 ("Motions for leave to take additional depositions filed before a party has exhausted its presumptive ten depositions have been found to be premature by courts in this District."). Specifically, because Plaintiffs have not taken any depositions, the Court is unable to evaluate whether the number of depositions Plaintiffs request to take would necessarily exceed ten, whether the desired depositions would be unreasonably cumulative or duplicative of discovery already obtained, whether the discovery sought could be obtained from other sources, or whether the benefit of additional depositions would outweigh their burden or expense. Further, Plaintiffs have not identified the proposed deponents, who Plaintiffs generally identify as Defendant's employees, hospital employees, law enforcement, day care workers, and other fact witnesses. (Dkt. 14 at 3.) Thus, the issue of whether Plaintiffs should be granted leave to take twenty-five depositions is not ripe for determination.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Exceed 10 Deposition Limit (Dkt. 14) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on May 31, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record