UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

V. D. C. and S. C., on behalf of L.X.C., a minor,

    Plaintiffs,

v.                      Case No: 8:17-CV-1697-T-27JSS

DEPARTMENT OF CHILDREN AND FAMILIES,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion to Dismiss Count III of Complaint, Motion for Remand (Dkt. 49), and Defendant's response in opposition (Dkt. 51). Also before the Court are Defendant's Motion for Summary Judgment (Dkt. 40), and Plaintiffs' response (Dkt. 43). Upon consideration, the Motion to Dismiss is **DENIED** and the Motion for Summary Judgment is **GRANTED in part** as to Plaintiffs' 42 U.S.C. § 1983 claim.

**I.    BACKGROUND**

Plaintiffs V. D. C. and S.C. are the adoptive parents and guardians of the minor plaintiff, L.X.C. (Complaint, Dkt. 31 ¶ 4). This lawsuit arises out of a tragic incident on June 15, 2015, when A.P., the biological mother of L.X.C., stabbed her six-year old daughter no less than 14 times while at their home. (Id. ¶ 13). A.P. was convicted of attempted murder, aggravated child abuse with a deadly weapon, aggravated child abuse, and resisting arrest with violence. (Id. ¶ 14).

On May 15, 2017, Plaintiffs filed a three-count Complaint against DCF asserting claims for negligence (Count I), respondeat superior/vicarious liability (Count II), and 42 U.S.C. § 1983

1

deprivation of civil rights (Count III). (Dkt. 2). Plaintiffs allege that the Florida Department of Children and Families ("DCF") negligently permitted A.P. to retain custody of L.X.C. despite clear signs that it was a highly dangerous environment and virtually certain to result in serious injury or death of L.X.C. (Id. ¶ 15). On July 17, 2017, Defendant removed the action based on federal question jurisdiction. (Dkt. 1).[1]

## II. PLAINTIFFS' MOTION TO DISMISS

Plaintiffs move to voluntarily dismiss their § 1983 claim pursuant to Fed. R. Civ. P. 41(a)(2) because "[i]t has become apparent to Plaintiffs that pursuing that claim at this point is not viable nor in the interests of the Plaintiffs," and to remand the action to state court. Defendant opposes the motion, contending that Fed. R. Civ. P. 41(a)(2) contemplates dismissal of an action, not a particular claim. Defendant also argues that it will suffer legal prejudice if the claim is dismissed at this late stage of the action, noting that it has a motion for summary judgment pending as to all three counts.[2] Defendant's arguments are well-taken.

### *Standards for dismissal under Fed. R. Civ. P. 41(a)(2)*

After an answer has been filed, Fed. R. Civ. P. 41(a)(2) permits a plaintiff to dismiss voluntarily an action without prejudice only "upon order of the court and upon such terms and conditions as the court deems proper." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255

---

[1] On June 26, 2018, Plaintiffs moved for leave to amend their Complaint to add claims of negligence and § 1983 deprivation of civil rights against individual employees of DCF. (Dkt. 19). On July 3, 2018, Plaintiffs filed an Amended Motion (Dkt. 20). In the Amended Motion, they acknowledge that DCF is not considered a "person" amenable to suit under § 1983. (Id. at 4). However the proposed amended complaint continued to allege a § 1983 claim against DCF. (Dkt. 20-1, Count III). On July 23, 2018, Plaintiffs filed an amended proposed amended complaint dropping the proposed negligence claims against the individuals but still including a § 1983 claim against DCF. (Dkt. 24-1, Count III).

On October 23, 2018, Plaintiffs' request for leave to amend their Complaint was denied as futile. (Dkt. 30). On November 8, 2018, Plaintiffs renewed their request for leave to amend to add claims against the individual employees of DCF, alleging that they acted with deliberate indifference to the safety of L.X.C. based on revised allegations. (Dkt. 31). That request was again denied as futile. (Dkt. 47).

[2] In its motion for summary judgment, Defendant argues that the § 1983 claim is barred by Eleventh Amendment immunity.

2

(11th Cir. 2001). In most cases, voluntary dismissal should be granted unless the defendant will suffer "clear legal prejudice, other than the prospect of a subsequent lawsuit." *Id.* The "crucial question" is whether the defendant would lose any substantial right by the dismissal. *Id.* However, "[a] plaintiff enjoys no right to a voluntary dismissal without prejudice." *See McBride v. JLG Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006) (citing *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502 (11th Cir.1991)).

In determining whether dismissal should be granted, the interests of the defendant are to be considered, as "Rule 41 (a)(2) exists chiefly for protection of defendants," but "the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Arias v. Cameron*, 776 F.3d 1262, 1269 (11th Cir. 2015) (citations and quotations omitted). However, "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). Rather, "[a] plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Id.*

## *Discussion*

Defendant is correct that Plaintiffs' § 1983 claim should not be dismissed pursuant to Fed. R. Civ. P. 41(a)(2) because Plaintiffs are not seeking to dismiss the action in its entirety. *See Klay*, 376 F.3d at 1106. Additionally, dismissal at this late stage of the proceedings, after extensive discovery and motion practice, would be prejudicial to Defendant. Since early July of 2018, Plaintiffs have implicitly acknowledged that their § 1983 claim is not viable because of Eleventh Amendment immunity. (See Dkt. 20 at 4). And they acknowledge this again in their Motion to Dismiss and in

3

their response to Defendant's pending Motion for Summary Judgment, which they do not oppose on the § 1983 claim.[3]

The Eleventh Circuit has "decline[d] to adopt a *per se* rule that the pendency of a summary judgment motion precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice," *Pontenberg*, 252 F.3d at 1256, 1258, and that "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.* Notwithstanding, the circumstances here are different. As noted, Plaintiffs concede that their § 1983 claim is not viable.[4] Yet, they did not move to dismiss or amend the complaint until approximately a month and a half after responding to the Motion for Summary Judgment and one month before the Pretrial Conference. As such, it appears that Plaintiffs' Motion to Dismiss is "solely motivated to avoid an expected adverse ruling on Defendant['s] summary judgment motion[]." *See McBride*, 189 F. App'x. at 877. As here, the plaintiff in *McBride* conceded that "he could not survive Defendant's motion for summary judgment," and the Eleventh Circuit affirmed the district court's denial of the plaintiff's Fed. R. Civ. P. 41(a)(2) motion to dismiss. *Id.* at 877. Plaintiffs' Motion to Dismiss will therefore be denied.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiffs' 42 U.S.C. § 1983 claim, contending it is immune from suit under the Eleventh Amendment to the United States Constitution. Defendant also moves for summary judgment on Plaintiffs' claims for negligence and vicarious liability,

---

[3] On November 27, 2018, in their response, Plaintiffs misstate the following: "In their proposed Amended Complaint, Plaintiffs do not raise any § 1983 civil rights claim against Defendant, Department of Children and Families," and "Defendant's argument as to why Plaintiffs' 42 U.S.C. § 1983 claim should be dismissed is moot as Plaintiffs no longer seek relief pursuant to 42 U.S.C. § 1983 against this Defendant." (Dkt. 43 at 1). Notwithstanding, Plaintiffs' operative complaint (Dkt. 2) includes the § 1983 claim that is the subject of Defendant's Motion for Summary Judgment.

[4] In their Motion, Plaintiffs state: "Plaintiffs merely seek the dismissal of the claim which appears to be barred by 11th amendment immunity." (Dkt. 49 at 2).

contending there are no genuine issues of material fact. Plaintiffs incorrectly contend that the argument on their § 1983 claim is moot "as Plaintiffs no longer seek relief pursuant to 42 U.S.C. § 1983 against this Defendant." (Dkt. 43 at 1). As discussed, the operative complaint (Dkt. 2) alleges a claim under § 1983, and the motion is therefore not moot on that claim. However, Plaintiff has conceded the claim is not viable and abandoned it by failing to substantively oppose Defendant's Motion for Summary Judgment.[5] *See Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.") (citing *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994)). Summary judgment will therefore be granted on Plaintiffs' § 1983 claim.

### *Supplemental Jurisdiction*

Defendant removed this action based on the inclusion of a federal question in the Complaint. Pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Because summary judgment will be granted on Plaintiffs' only federal claim, and the remaining claims arise under state law, the Court declines to exercise supplemental jurisdiction over these claims (Counts I and II).

The Eleventh Circuit has held that "if [all] federal claims are dismissed prior to trial, [*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)] strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting *LA. Draper &*

---

[5] In addition, as noted, in their amended motion to amend their complaint, Plaintiffs acknowledged that DCF is not considered a "person" amenable to suit under § 1983. (Dkt. at 4).

*Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).[6]

"The Supreme Court has instructed the federal courts deciding whether to exercise supplemental jurisdiction over a state law claim—after all the federal claims in the case have been dismissed—to consider these four factors: comity, convenience, fairness, and judicial economy." *Estate of Owens*, 660 F. App'x at 775 (citing *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130). All four factors weigh in favor of remand. Comity weighs in favor of remand because the federal issues were disposed of pre-trial and state issues substantially predominate. *See L.A. Draper & Son*, 735 F.2d at 428. And it would not be inconvenient or unfair for the parties to proceed in state court. The action originally began in state court, has been pending for less than two years, does not present any extraordinary or peculiar circumstances that warrant keeping it in federal court, and the parties, lawyers, and witnesses are local. Nor can it be said that the parties would be required to expend substantial additional resources to reproduce their arguments in state court. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 539 (11th Cir. 2015) ("Both parties are free to use evidence obtained during discovery to pursue their state-law claims in a proper forum."). Because supplemental jurisdiction will not be exercised over Counts I and II of the Complaint, this action will be remanded.

Accordingly,

1. Plaintiffs' Motion to Dismiss Count III of Complaint, Motion for Remand (Dkt. 49) is **DENIED**.

2. Defendant's Motion for Summary Judgment (Dkt. 40) is **GRANTED in part**.

3. The Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendant and

---

[6] *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3)."); *Estate of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 775 (11th Cir. 2016) ("This Court has repeatedly said that, when all of the federal claims have been dismissed pretrial, Supreme Court case law "strongly encourages or even requires dismissal of the state claims.").

against Plaintiffs on Count III of the Complaint.

    4.    This action is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

    5.    The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 6th day of February, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Clerk of the Circuit Court, of the Twelfth Judicial Circuit, in and for Sarasota County, Florida